# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:19-CV-172-JRG-RSP** |
| | § | **LEAD CASE** |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

Defendant Supercell OY ("Supercell") previously filed a Motion to Dismiss. (Dkt. No. 23.) Within this Motion to Dismiss, Supercell argued that the asserted claims of the patent-in-suit were invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea of managing a shooting game and because the claims do not recite any inventive concept. (Dkt. No. 23.) Magistrate Judge Payne entered a Report and Recommendation (Dkt. No. 57) to address Supercell's Motion to Dismiss. The Report and Recommendation recommended denying the Motion to Dismiss, stating that Supercell had not met its burden of showing that the claims were directed to an abstract idea at *Alice* Step One and that, at the very least, fact questions remain at *Alice* Step Two. *Id.* Supercell has now filed Objections (Dkt. No. 60) to the Report and Recommendation.

After reviewing the briefing for the Motion to Dismiss, Judge Payne's Report and Recommendation, and Supercell's Objections, the Court agrees with the reasoning provided within the Report and Recommendation. The Court also notes that Supercell has failed to show that claim 1 of the patent-in-suit is representative of the other asserted claims for the purposes of subject matter eligibility. While Plaintiff GREE, Inc. ("GREE") states within its complaint that claim 1 is

representative of the patent-in-suit, that statement was made within GREE's discussion of infringement. (*See* Dkt. No. 1 at ¶ 24.) GREE's statement within the complaint should not be construed as an admission that claim 1 is representative of the other claims within the patent-in-suit for purposes of resolving issues on subject matter eligibility. While Supercell's Motion includes further argument as to why the other claims of the patent-in-suit are ineligible, Supercell fails to show that claim 1 is in fact representative of these other claims. (*See* Dkt. No. 23 at 13–14.)

A statement that a claim is representative for purposes of infringement—without more—is insufficient to show that a claim is representative for purposes of invalidity under 35 U.S.C. § 101. *GREE, Inc. v. Supercell Oy*, Case No. 2:19-CV-00161-JRG-RSP, 2020 WL 475443, at *1 (E.D. Tex. Jan. 29, 2020). This is because the representativeness inquiry with respect to infringement is a completely different than the inquiry with respect to validity under 35 U.S.C. § 101. An infringement analysis compares the asserted claims to an accused product or method and focuses on whether the accused product or method meets each limitation of the asserted claims. *See, e.g.*, *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1287–88 (Fed. Cir. 2010) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; ***the only proper comparison is with the claims of the patent***." (quoting *Zenith Labs. v. Bristol–Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994)) (emphasis added)). Since a product might infringe several inventively distinct claims in the same way, a single claim may be representative of the plaintiff's infringement theory without being representative of each inventively distinct limitation contained in the remaining claims.

In contrast to infringement, a determination related to patent-eligible subject matter requires an entirely different analysis. For example, to determine eligibility, the Court must examine whether the claims capture an "inventive concept" and must compare that inventive concept to the universe of prior art to determine whether the claims merely involve activity that was "well-understood, routine and conventional" from the perspective of "a skilled artisan in the relevant field" at the time of patenting. *PPS Data, LLC v. Jack Henry & Assocs., Inc*., 404 F. Supp. 3d 1021, 1040 (quoting *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), *cert. denied*, No. 18-415, 2020 WL 129532 (U.S. Jan. 13, 2020)). Because the eligibility comparison is between the claims and the prior art, rather than the claims and an accused product, the representativeness analysis for infringement does not automatically overlap with the representativeness analysis for eligibility.

Thus, in addition to the reasons provided within the Report and Recommendation, the Court concludes that Supercell's Motion should also be denied because it fails to show that claim 1 is representative of the other asserted claims within the patent-in-suit. Consequently, the Court **OVERRULES** Supercell's Objections and **ADOPTS** Judge Payne's Report and Recommendation. Supercell's Motion (Dkt. No. 23) is therefore **DENIED**.

**So Ordered this**
**Feb 21, 2020**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE